affidavit of defence filed with the petition and made part of it, the petitioner further averred that the mortgage in suit for $1,500 had been given by her to Mary Speelman, who had assigned it to A. C. Jerrett; that she had paid Jerrett $1,300, leaving a balance due of $200 on account of the principal, that she had no notice of the assignment from Jerrett to the plaintiff. The petitioner tendered judgment for the $200 due on account of the principal and also for the interest due.

The court granted the rule which it subsequently made absolute. Plaintiff appealed.

*Error assigned*, was the order of the court making the rule absolute.

*W. K. Jennings*, with him *W. S. Thomas*, for appellant.

*L. L. Davis*, for appellees.

PER CURIAM, January 4, 1892.

The order of the court below opening the judgment is affirmed.

## McKnight *v.* Nichols, Appellant.

Where a horse is warranted sound and kind, and the purchaser after using it one day, returns it to the vendor on the ground that it is not kind, and the horse shortly afterwards dies from founder it is proper for the court to charge the jury in an action for a return of the purchase money, that, if the purchaser "used the horse in the ordinary and proper way, and he returned it because it was not kind, and as a matter of fact it was not kind, he can recover."

Argued Jan. 6, 1892. Appeal, No. 284, Jan. T., 1891, by defendant from judgment of C. P. No. 4, Philadelphia Co., June T., 1889, No. 817, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by D. H. McKnight, against D. P. S. Nichols, to recover $139, the price paid by defendant for a horse. At the trial it appeared that the contract warranted the horse to be sound and kind, and gave the plaintiff the privilege of returning the horse within two days if it was not as warranted. The plaintiff used the horse in his business of selling cakes and

crackers for one day, driving from Philadelphia to Darly and back, stopping at various places. The plaintiff testified· that the horse shied at steam. The horse was delivered to the plaintiff on July 11, 1889. He returned it to the defendant on July 12, and on July 14, it died of founder. The defendant claimed that the horse was sound when delivered to the plaintiff, and that when it was returned it was unsound.

ARNOLD, J., charged the jury in fact as follows :

" The plaintiff says that the horse, while being driven over a bridge on the way to Darby, shied at steam. After being driven to Darby the horse stood in front of a store for some time and then started away ; but he did not run away, the plaintiff being able to catch and stop him.

" On his way back the plaintiff stopped at Dr. Bridge's house and had the doctor examine the horse. The doctor says the horse then had no indications of unsoundness. This was at one o'clock. But the doctor says the horse shied in his yard, and it took ten minutes to get him started. Later on the same day the horse was taken back to Mr. Nichols' stable, and Mr. Nichols says, in an unsound condition; he says the horse was perfectly sound when it left his stable, but when it was returned it was sick and foundered.

" It is admitted that if the horse did shy it was not as warranted, but the contention is that it should have been returned by the plaintiff as good as he got it, reasonable use, as we say in cases of real estate, excepted.

" [If the horse was not kind, then it must be found that it was injured by Mr. McKnight, in order to defeat him in this action ; ] [1] [and it is for Mr. Nichols to show to your satisfaction that the founder was caused by Mr. McKnight's negligence, unreasonable use or abuse of the horse.] [2] [In other words, if Mr. McKnight's use of the horse was reasonable, or if he did not overdrive it, but used it in the ordinary and proper way, and he returned it because it was not kind, and, as a matter of fact, it was not kind, then he can recover.] [3] [Of course, if the horse was foundered by him, that is a defence to this case ; but if he gave only ordinary use, or if it was foundered before, and the founder only broke out on that day, he can recover.] [4]

" The suit is really between Stanton, the one who placed the horse with Nichols for sale, and Mr. McKnight.

" The purchase-money has not been paid over by Nichols to Stanton, but it no doubt will be in case your verdict should be in Nichols' favor.

" The defendant's counsel has requested me to charge:—

" ' If the jury find the horse was sound when sold, and was returned unsound within the time specified in the contract, that would not be an acceptance of the horse and rescission of the contract.'

" Answer: That is so, gentlemen, but if you find the plaintiff's use of the horse was not unreasonable, and he did not over-drive it, then the plaintiff can recover, if the horse was returned on account of the breach of warranty." [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) the portions of charge as above, quoting them, and (5) the answer to defendant's point, quoting point and answer.

*L. R. Fletcher*, for appellant, cited Logans v. Mathews, 6 Pa. 417; Collins v. Bennett, 46 N. Y. 490.

*A. S. L. Shields*, for appellee, was not heard.

PER CURIAM, January 6, 1892.
Judgment affirmed.

## Nelson's Estate. Fidelity Insurance, etc., Co.'s Appeal.

Where a second will in express terms revokes a former will, but refers to certain bequests in the former will and re-enacts them, both wills are entitled to probate, but the executor named in the former will is not entitled to letters testamentary.

Argued Jan. 7, 1892. Appeal No. 414, Jan. T., 1891, by Fidelity Insurance, Trust and Safe Deposit Co., from decree of O. C. Phila. Co., Oct. T., 1890, No. 229, dismissing appeal from register of wills. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.